24CA2041 Peo in Interest of SJC 04-24-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA2041
Montrose County District Court No. 23JV30028
Honorable D. Cory Jackson, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of S.J.C., a Child,

and Concerning M.M.C.,

Appellant.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE PAWAR
Harris and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 24, 2025

---

Martha Phillips Whitmore, County Attorney, Julie R. Andress, Deputy County Attorney, Montrose, Colorado, for Appellee

Alison A. Bettenberg, Guardian Ad Litem

Just Law Group, LLC, John F. Poor, Denver, Colorado, for Appellant

¶ 1     In this dependency and neglect proceeding, M.M.C. (mother) appeals the judgment terminating her parent-child legal relationship with S.J.C. (the child).  We affirm.

## I.     Background

¶ 2     Montrose County Human Services (the Department) received a referral expressing concerns about mother's substance use, the child's welfare, and his lack of school attendance.  Consequently, the Department filed a petition in dependency and neglect.

¶ 3     The juvenile court adjudicated the child dependent and neglected and adopted a treatment plan for mother.  Among other things, the treatment plan required her to (1) communicate with the Department; (2) complete psychological and substance abuse evaluations and follow any recommendations; (3) attend all scheduled family time visits; (4) provide a safe and stable home for the child; (5) engage in parenting education and co-parenting therapy; and (6) address all criminal court cases.

¶ 4     The Department later moved to terminate parental rights.  Following a hearing, the juvenile court granted the motion.

1

## II.    Reasonable Efforts

¶ 5    Mother asserts the juvenile court erred by finding that the Department made reasonable efforts to rehabilitate her. We disagree.

### A.    Preservation

¶ 6    The parties dispute preservation, but we need not resolve the dispute because even assuming mother did not have to raise her reasonable efforts argument at the termination hearing, *see, e.g.*, *People in Interest of S.N-V.*, 300 P.3d 911, 914-18 (Colo. App. 2011), we discern no basis for reversal.

### B.    Standard of Review and Applicable Law

¶ 7    In deciding whether to terminate parental rights under section 19-3-604(1)(c), C.R.S. 2024, the juvenile court must consider whether the county department of human services made reasonable efforts to rehabilitate the parents and reunite them with the child. *See* §§ 19-1-103(114), 19-3-100.5(1), 19-3-208, 19-3-604(2)(h), C.R.S. 2024. "Reasonable efforts" means the "exercise of diligence and care" for children who are in out-of-home placement. § 19-1-103(114).

¶ 8     Services provided in accordance with section 19-3-208 satisfy the reasonable efforts standard.  § 19-1-103(114).  Among the services required under section 19-3-208 are screenings, assessments, and individual case plans for the provision of services; home-based family and crisis counseling; information and referral services to available public and private assistance resources; family time services; and placement services.  § 19-3-208(2)(b).  Other services — including transportation assistance, diagnostic and mental health services, and drug and alcohol treatment services — must be provided if the government has sufficient funding.  § 19-3-208(2)(d).

¶ 9     In assessing a department's efforts, the juvenile court should consider whether the services provided were appropriate to support the parent's treatment plan, *S.N-V.*, 300 P.3d at 915, by "considering the totality of the circumstances and accounting for all services and resources provided to a parent to ensure the completion of the entire treatment plan," *People in Interest of My.K.M. v. V.K.L.*, 2022 CO 35, ¶ 33.  But the parent is ultimately responsible for using those services to comply with the treatment

plan. *People in Interest of J.C.R.*, 259 P.3d 1279, 1285 (Colo. App. 2011).

¶ 10 Whether a department satisfied its obligation to make reasonable efforts to rehabilitate a parent and reunify the family is a mixed question of law and fact. *People in Interest of A.S.L.*, 2022 COA 146, ¶ 8. We review the juvenile court's factual findings for clear error but review de novo its legal determination whether the Department satisfied its reasonable efforts obligation. *Id.*

### C.    Analysis

¶ 11 Mother asserts that the Department failed to assist her "in overcoming the barriers that prevented her from engaging consistently." In particular, mother points to her "significant transportation barriers" which prevented her from completing psychological and substance abuse evaluations, and "generally inhibited" her ability to utilize services and attend family time.

¶ 12 The juvenile court concluded that the Department made reasonable efforts to rehabilitate mother, including providing her with ample and consistent transportation support as well as family time and a life skills worker. But, the court found, mother did not avail herself of these opportunities.

¶ 13    The record supports the court's findings regarding the Department's efforts.  The caseworker testified that she attempted to provide mother with bus passes and a referral to a Medicaid ride-share.  She also offered to personally drive mother to family time visits and her substance abuse and mental health evaluation.  Additionally, the caseworker visited mother's residence, sometimes multiple times per day; utilized a variety of communication methods; and made mother an appointment with a life coach.

¶ 14    Nevertheless, mother argues that the Department's efforts to aid her in the completion of her treatment plan were "extremely limited."  However, as discussed above, the caseworker offered to personally transport mother to assist her with these treatment plan objectives.  True, as mother asserts, the Medicaid ride service would not transport her to drug testing, but she never raised transportation barriers as a reason why she did not complete drug testing.  The caseworker also attempted to provide mother with bus passes by leaving one at her requested location, offering to bring one to her, and visiting her residence multiple times.  When mother did not pick up the pass, respond to the caseworker, or answer her door, the caseworker did not feel comfortable leaving a pass outside

mother's residence where someone else could take it. The record therefore supports the court's findings regarding the Department's efforts and that mother failed to avail herself of many of these efforts. *See J.C.R.*, 259 P.3d at 1285.

¶ 15    Mother further argues that, because transportation barriers impeded her ability to attend family time, the Department should have proposed phone or virtual contact with the child. Yet, no party presented evidence during the termination hearing that mother requested virtual visits or that, considering the child's special needs, virtual visits would have been appropriate. *See* § 19-3-208(2)(a) (family time shall be designed to promote the health, safety, and well-being of the child; facilitate the speedy reunification of parents and children; and promote the best interests of the child).

¶ 16    Finally, we are unpersuaded by mother's assertion that the Department failed to provide housing and employment assistance to aid her in overcoming financial difficulties. She does not explain what services would have helped her. And, while the juvenile court did not make specific findings about housing or employment assistance, it did find that the Department made "substantial"

efforts to try to help mother engage in her treatment plan. "[A]ccounting for all services and resources provided to [mother]" over the course of the case, the record clearly indicates that the Department made reasonable efforts, but mother failed to engage. *See My.K.M.*, ¶ 33.

¶ 17 Based on the foregoing, we discern no error in the juvenile court's determination that the Department made reasonable efforts to rehabilitate mother and reunite her with the child.

## III.  Disposition

¶ 18 The judgment is affirmed.

JUDGE HARRIS and JUDGE GROVE concur.